**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05CV-384-R**

**ROBERT CHRISTOPHER KETTENBURG**                                                 **PLAINTIFF**

**v.**

**UNIVERSITY OF LOUISVILLE**                                                          **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Robert Christopher Kettenburg filed a *pro se* complaint against the University of Louisville alleging copyright infringement under 17 U.S.C. §§ 102(a), 102(a)(1) and 104(a) (DN 3). Because Plaintiff has not met the jurisdictional prerequisite to filing a copyright infringement suit, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

According to the complaint, Plaintiff, during his first semester at the University of Louisville, wrote a short story for a creative writing class and submitted the story to his teacher as part of his final exam. A "few years" later, Plaintiff "realize[d] that there's this movie out called 'One True Love' starring Terry Farrell (from Star Trek: Deep Space Nine) and David Hasslehoff (from Baywatch and Night Rider), the storyline of which, reads almost word for word from the story [Plaintiff] submitted to [the] creative writing teacher in the Spring of 1988." Plaintiff thus claims that the University of Louisville's English Department "obviously submitted this story to someone in Hollywood and made a movie out of it without giving [him], the author, any credit." As relief, he seeks $500,000.00.

## II.  ANALYSIS

Plaintiff alleges copyright infringement of a short story that he wrote for a creative writing class at the University of Louisville.  To establish his claim of copyright infringement, Plaintiff must prove "first, that he had ownership of a valid copyright[, and] second, that another person copied a protected interest in the work."  *Coles v. Wonder*, 283 F.3d 798, 801 (6th Cir. 2002).  "While copyright protection dates from the time that an artist creates an original work that may be copyrighted, . . . a cause of action for infringement cannot be enforced until the artist actually registers the copyright pursuant to the requirements of the Copyright Act."  *Id.* (citing 17 U.S.C. § 411(a)).

In pertinent part, 17 U.S.C. § 411(a) provides,

Except for an action brought for a violation of the rights of the author under section 106A(a), and subject to the provisions of subsection (b),[1] no action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.

Registration under the foregoing statute is a jurisdictional prerequisite to filing a copyright infringement action.  *Murray Hill Publ'ns, Inc. v. ABC Commc'ns, Inc.*, 264 F.3d 622, 630 (6th Cir. 2001); *Marshall & Swift v. BS & A Software*, 871 F. Supp. 952, 958 (W.D. Mich. 1994) (same); *see also Cawley v. Swearer*, No. 90-1981, 1991 WL 108725, at *4 n.2, (6th Cir. June 20, 1991) ("Compliance with § 411(a) is a prerequisite to bringing suit, and failure to comply deprives the district court of jurisdiction.").

---

[1] Section 106A(a) pertains to "the author of a work of visual art" and subsection (b) of § 411 applies to "a work consisting of sounds, images, or both."  17 U.S.C. §§ 106A(a), 411(b).  Because Plaintiff alleges infringement of his written work, neither provision applies.

In the instant case, Plaintiff wholly fails to allege registration of his copyright for his short story in accordance with 17 U.S.C. § 411(a).  For this reason, this Court is without jurisdiction to consider his copyright infringement claim.  The action must therefore be dismissed without prejudice.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendant
4413.005